IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-20860
Summary Calendar

CARL WAYNE STEWART

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-36

Before REAVLEY, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

Carl Stewart sued the United States under the Federal Tort Claims Act. The district court granted the United States judgment as a matter of law, and Stewart has appealed. We now affirm.

We review the district court's decision to grant the Government's motion to dismiss (which it treated as a motion for summary judgment) by applying the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

same standards the district court used.[1] That standard requires us to determine if the Government is entitled to judgment as a matter of law, meaning no reasonable trier of fact could find in Stewart's favor.[2]

Stewart's claim is that a doctor treating him at a Veteran Affairs hospital committed medical malpractice during a throat examination. The source of the doctor's alleged malpractice was his failure to ask Stewart to consent to the examination. To succeed on this claim, Stewart must meet the requirements of the Federal Tort Claims Act, which in turn requires him to establish all of the elements of a cause of action for medical malpractice under Texas law, since the alleged malpractice occurred in Texas.[3] Under Texas law, the plaintiff in a medical malpractice claim alleging lack of informed consent must present expert testimony to support his position.[4] Stewart, however, neither timely designated an expert (i.e. told the district court the identity of the doctor who would testify on his behalf), nor requested additional time to do so. As a result, the district court determined that Stewart was not going to have an expert for trial and therefore correctly granted the United States summary judgment, determining it was entitled to judgment as a matter of law.

AFFIRMED.

---

[1] Ashford v. United States, 511 F.3d 501, 504 (5th Cir. 2007).

[2] See id.

[3] 28 U.S.C. § 1346(b)(1); Richards v. United States, 369 U.S. 1, 9, 82 S. Ct. 585, 590–91 (1962) (observing that in cases where the Government's alleged negligence and the injury it allegedly caused occur in the same jurisdiction, that jurisdiction's law applies).

[4] See Barclay v. Campbell, 704 S.W.2d 8, 10–11 (Tex. 1986) (noting the scope of the required expert testimony in lack-of-informed-consent medical malpractice cases); see also Edwards v. Garcia-Gregory, 866 S.W.2d 780, 784 (Tex. App. 1993) ("Medical malpractice is an area of the law where the fact finder must be guided by medical expert testimony.").